IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR - 2 2022
By
JAMIE GIANI, Clerk
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22CR-30001-001 |
| | ) | |
| v. | ) | 18 U.S.C. § 2252A(a)(2) |
| | ) | 18 U.S.C. § 2252A(b)(1) |
| | ) | 18 U.S.C. § 2256(8)(B) |
| | ) | 18 U.S.C. § 2252A(a)(5)(B) |
| CHRISTOPHER SCOTT HAFAR | ) | 18 U.S.C. § 2252A(b)(2) |

## INDICTMENT

The Grand Jury Charges:

### COUNT ONE

[Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct]

On or about March 13, 2021, in the Western District of Arkansas, Harrison Division, the Defendant, **CHRISTOPHER SCOTT HAFAR**, knowingly received child pornography, as that term is defined by Title 18, United States Code, Section 2256(8)(B), specifically "eb12a0ed-8317-43a5-becf-8e0851dcdff4.mp4," using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including computer, and attempted to do so.

All in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

### COUNT TWO

[Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct]

On or about March 13, 2021, in the Western District of Arkansas, Harrison Division, the Defendant, **CHRISTOPHER SCOTT HAFAR**, knowingly received child pornography, as that term is defined by Title 18, United States Code, Section 2256(8)(B), specifically "3e61c232-e01f-

1

40e4-97e3-d30819274c66.mp4," using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including computer, and attempted to do so.

All in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT THREE

[Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct]

On or about March 13, 2021, in the Western District of Arkansas, Harrison Division, the Defendant, **CHRISTOPHER SCOTT HAFAR**, knowingly received child pornography, as that term is defined by Title 18, United States Code, Section 2256(8)(B), specifically "fa008a0f-7b4e-444a-aea1-05247712c3da," using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including computer, and attempted to do so.

All in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT FOUR

[Possession of Child Pornography]

Between on or about April 25, 2021, through July 15, 2021, in the Western District of Arkansas, Harrison Division, the Defendant, **CHRISTOPHER SCOTT HAFAR**, knowingly possessed images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8)(B), including images of minors under the age of 12, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## **FORFEITURE ALLEGATION**

The Grand Jury re-alleges and incorporates by reference herein Counts One through Four of this Indictment.

Upon conviction of any Count of this Indictment, the Defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253 the Defendant's interest in:

1) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter, which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offenses in the Indictment;

2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses in the Indictment; and

3) any property, real or personal, **including any and all computer equipment OR cellular device,** used or intended to be used to commit or to promote the commission of the offenses in the Indictment, or any property traceable to such property, including, but not limited to computer equipment used in the commission of the offenses in the Indictment.

If any of the property subject to forfeiture, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(b), incorporating by reference Title 21, United States Code, Section 853 to seek forfeiture of any other property of said Defendant up to the value of the above forfeitable property.

A True Bill.

/s/ Grand Jury Foreperson
Grand Jury Foreperson

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
Devon Still
Assistant U. S. Attorney
Arkansas Bar No. 2005257
414 Parker Avenue
Fort Smith, AR 72901
Telephone: 479-494-4058
E-mail devon.still@usdoj.gov